UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**DONNIE W. BATTLE**                                                                                                **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 1:22-CV-30-GNS**

**V.A.**                                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action initiated by Donnie W. Battle. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

**I.**

Plaintiff initiated this action by completing and filing the Court's civil complaint form. In the section of the form which directs Plaintiff to list the federal statutes, federal treaties, and/or provisions of the United States Constitution that provide the Court with federal-question jurisdiction, Plaintiff writes, "Health." In the "Statement of Claim" section of the complaint form, Plaintiff writes, "My health." Plaintiff indicates that the "amount in controversy" is "$1,800." In the section of the complaint form which asks Plaintiff to indicate what relief he seeks, Plaintiff writes, "None Not." The complaint form contains no additional information. The exhibits attached to the complaint appear to be two medical bills.

**II.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide sufficient details to put Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512(2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*), and the complaint is simply too vague for the Court to discern a cause of action under any legal theory.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The allegations in Plaintiff's complaint meet this standard as well.  The instant action, therefore, will also be dismissed for lack of subject-matter jurisdiction.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: March 15, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
4416.011